UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

KUN LI,

                                    Petitioner,

v.

CHRISTOPHER LAROSE, Warden Otay Mesa Detention Center, et al.,

                                    Respondents.

Case No.:  26-CV-1614 JLS (MMP)

**ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS**

(ECF No. 1)

Presently before the Court is Petitioner Kun Li's Amended Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 ("Pet.," ECF No. 1).  Also before the Court is Respondents' Return to Habeas Petition ("Ret.," ECF No. 4) and Petitioner's Traverse ("Traverse," ECF No. 5).  For the reasons set forth below, the Court **DENIES** Petitioner's Petition for Writ of Habeas Corpus.

## BACKGROUND

Petitioner is a citizen and national of China who entered the United States on a B2 visitors visa on February 28, 2020.  Pet. ¶¶ 37, 39.  Petitioner has resided in the United States ever since despite his visa expiring on August 17, 2020.  Ret. at 2.  On September 10, 2020, Petitioner applied for asylum.  Pet. ¶ 41.  Petitioner has attended his biometrics appointments and interviews scheduled by USCIS and was granted work authorization

pursuant to 8 C.F.R. § 274a.12(c)(08).  *Id.* ¶¶ 42–44.  On December 23, 2025, Petitioner was driving to Los Angeles when he accidentally approached the gate at Camp Pendleton and was stopped.  *Id.* ¶ 45.  The gate guards asked him for his ID and determined that Petitioner did not have a green card.  *Id.*  Petitioner was then transported to the Otay Mesa Detention Center where he was issued a Notice to Appear and placed in removal proceedings under 8 U.S.C. § 1229a.  Ret. at 2.  Petitioner was charged as removable under 8 U.S.C. § 1227(a)(1)(B) as an individual who was admitted to the United States and has remained for a time longer than permitted by law (i.e., a visa overstay).  *Id.*  On January 23, 2026, Petitioner had a bond hearing on the merits before an Immigration Judge ("IJ") pursuant to 8 U.S.C. § 1226(a).  *Id.*  The IJ found that Petitioner failed to satisfy his burden to show he is not a danger to the community based on a driving under the influence conviction in 2022 and his aggressive behavior upon his arrest at Camp Pendleton.  *Id.* at 3. Petitioner has appealed this denial of bond to the Board of Immigration Appeals ("BIA"). *Id.* at 4.

## LEGAL STANDARD

A federal prisoner challenging the execution of his or her sentence, rather than the legality of the sentence itself, may file a petition for writ of habeas corpus in the district of his confinement pursuant to 28 U.S.C. § 2241.  *See* 28 U.S.C. § 2241(a).  The sole judicial body able to review challenges to final orders of deportation, exclusion, or removal is the court of appeals.  *See generally* 8 U.S.C. § 1252; *see also Alvarez–Barajas v. Gonzales*, 418 F.3d 1050, 1052 (9th Cir. 2005) (citing REAL ID Act, Pub. L. No. 109-13, 119 Stat. 231, § 106(a)).  However, for claims challenging ancillary or collateral issues arising independently from the removal process—for example, a claim of indefinite detention— federal habeas corpus jurisdiction remains in the district court.  *Nadarajah v. Gonzales*, 443 F.3d 1069, 1076 (9th Cir. 2006), *abrogated on other grounds by Jennings v. Rodriguez*, 583 U.S. 281 (2018); *Alvarez v. Sessions*, 338 F. Supp. 3d 1042, 1048–49 (N.D. Cal. 2018) (citations omitted).

///

26-CV-1614 JLS (MMP)

**DISCUSSION**

Petitioner brings the current Petition arguing that Respondents' revocation of Petitioner's "liberty" without notice or a neutral determination of his circumstances violates the Administrative Procedure Act, the Due Process Clause of the Fifth Amendment, and the Fourth Amendment. *See generally* Pet. Respondents argue that Petitioner is lawfully detained under 8 U.S.C. § 1226(a) as an alien removable under 8 U.S.C. § 1227(a)(1)(B) as an individual who overstayed their visa. Ret. at 3. Respondents contend that they properly held a bond hearing for Petitioner under § 1226(a) that was denied and is currently appealed. *Id.* at 3–4. Respondents also argue that any "re-detention" due process argument—i.e., that Petitioner was re-detained without notice or evidence of changed circumstances—fails because Petitioner has never been previously detained or released.[1] *Id.* at 4. The Court agrees with Respondents.

Petitioner entered the United States on a B2 visitors visa which expired in August of 2020, thus making him "an individual who was admitted to the United States but remained for a time longer than permitted by law." Ret. at 2. Because of this, Petitioner was deemed removable under 8 U.S.C. § 1227(a)(1)(B) and placed into removal proceedings under § 8 U.S.C. § 1229a. *Id.* at 3. Section 1226(a) applies to a noncitizen who is "detained pending a decision on whether the alien is to be removed from the United States." 8 U.S.C. § 1226(a). Petitioner is now detained waiting for the adjudication of his removal proceedings and asylum application—thus, rightfully placing him in detention subject to § 1226(a). Further, Petitioner was given a bond hearing under § 1226(a) where the IJ denied bond. Ret. at 3–4.

---

[1] Respondents also make several arguments regarding jurisdiction and exhaustion that the Court need not decide to resolve the Petition. Ret. at 5–11. Nonetheless, the Court notes that it has previously found jurisdiction and waived exhaustion for similar challenges. *See e.g.*, *Salazar v. Casey*, No. 25-CV-2784 JLS (VET), 2025 WL 3063629, at *2 (S.D. Cal. Nov. 3, 2025); *Equivel-Ipina v. LaRose*, No. 25-CV-2672 JLS (BLM), 2025 WL 2998361, at *3–4 (S.D. Cal. Oct. 24, 2025).

3

Petitioner "bears the burden of demonstrating that '[h]e is in custody in violation of the Constitution or laws or treaties of the United States.'" *Zhang v. LaRose*, No. 26-CV-1299-RSH-SBC, 2026 WL 794202, at *1 (S.D. Cal. Mar. 20, 2026) (quoting 28 U.S.C. § 2241(c)(3)). The Court finds that Petitioner has not demonstrated that his custody is in violation of the Constitution or laws or treaties of the United States. Petitioner does not argue he is improperly detained under § 1226(a). Nor could he, as the Court finds that he is properly detained under § 1226(a) as a noncitizen who is "detained pending a decision on whether the alien is to be removed from the United States."

Instead, Petitioner argues that his initial detention was improper because Respondents "categorically revok[ed] Petitioner's liberty" without a "prior individualized custody determination." Pet. ¶¶ 56, 65. If Petitioner was previously detained and released on parole, a pre-deprivation consideration of his individualized circumstances would be required. *See e.g.*, *Salazar v. Casey*, No. 25-CV-2784 JLS (VET), 2025 WL 3063629, at *4 (S.D. Cal. Nov. 3, 2025) ("The Court finds that all three factors support a finding that the Government's revocation of Petitioner's parole without notification, reasoning, or an opportunity to be heard, denied Petitioner of her due process rights."). However, here, Petitioner has never been detained, and thus, there has been no initial determination by DHS that Petitioner poses no danger to the community and is not a flight risk. *See id.* ("Since DHS's initial determination that Petitioner should be paroled because she posed no danger to the community and was not a flight risk, there is no evidence that these findings have changed."). Rather, DHS's initial determination of Petitioner's danger to the community was during the January 23, 2026, bond hearing which resulted in a denial of bond. Ret. at 3. Further, in the Traverse, Petitioner argues that his work authorization creates a liberty interest in remaining out of custody, but Petitioner does not provide any authority supporting this assertion nor is the Court aware of any.[2] Traverse at 14.

---

[2] Additionally, in the Traverse, Petitioner argues that "[t]erminating [Petitioner's] asylum proceedings violated the Administrative Procedures Act and Due Process." Traverse at 16. However, Petitioner

The Court is not convinced that Petitioner has demonstrated a liberty interest in his release requiring any additional due process protections than Petitioner has already received. Petitioner received a bond hearing under § 1226(a), has appealed that decision, and is free to continue pursuing his asylum application. Therefore, the Petition is **DENIED** on due process grounds.

Regarding Petitioner's APA argument, Petitioner also argues that Respondents have violated the APA "[b]y categorically revoking Petitioner's liberty and transferring him to the Otay Mesa Detention Center without consideration of his individualized facts and circumstances." Pet. ¶ 56. However, the Court agrees with Respondents that "[Section] 704's requirement that to proceed under the APA, agency action must be final or otherwise reviewable by statute is an independent element without which courts may not determine APA claims." *Navajo Nation v. Dep't of the Interior*, 876 F.3d 1144, 1171 (9th Cir. 2017). Here, Petitioner's removal proceedings are ongoing, and his bond denial is on appeal with the BIA. Ret. at 12. There is no final agency action to be reviewed for abuse of discretion as Petitioner requests. Therefore, the Petition is **DENIED** on APA grounds.

Regarding Petitioner's Fourth Amendment argument, the Court again agrees with Respondents that Petitioner does not explain why release is the remedy for an alleged Fourth Amendment violation. *Cf. United States v. Crews*, 445 U.S. 463, 474 (1980) (noting, in the criminal context, that the Fourth Amendment's "exclusionary principle" "delimits what proof the Government may offer against the accused at trial, closing the courtroom door to evidence secured by official lawlessness," but an individual "is not himself a suppressible 'fruit'"); *Cruz v. Barr*, 926 F.3d 1128, 1146 (9th Cir. 2019) (releasing petitioner on Fourth Amendment grounds because fruits of the regulatory

---

provides no documentation that his asylum proceedings have been terminated. Rather, Respondents state in their Return that Petitioner's "removal proceedings are ongoing with the next hearing scheduled for March 26, 2026" where Petitioner can "file his claims for relief." Ret. at 3. The Court understands this to mean that Petitioner can continue his asylum application and other claims for relief at the March hearing. Therefore, the Court finds these arguments to be without merit.

violation were the only evidence of petitioner's alienage).  Therefore, the Petition is also **DENIED** on Fourth Amendment grounds.

**CONCLUSION**

Based on the foregoing, the Court **DENIES** Petitioner's Petition for Writ of Habeas Corpus (ECF No. 1).  As this concludes the litigation in this matter, the Clerk **SHALL** close the file.

**IT IS SO ORDERED.**

Dated:  April 7, 2026

Hon. Janis L. Sammartino
United States District Judge

26-CV-1614 JLS (MMP)